Callahan, J.
(dissenting): This action is in rescission to set aside a transfer of real property for false representations set forth in a contract of sale that a certain lease had been terminated and that the occupant was a statutory tenant. It is quite clear that the purchasers were not interested in buying the property unless they could obtain possession. The trial court, while it found that the false representations were made, also found that certain documents exhibited to the attorney acting for the plaintiffs at the closing of title were *1113 notice that any attempted termination had been premature, and that the purchasers therefore did .not rely upon the misrepresentations. The court further found laches in that the offer to rescind was not made promptly.
I am in accord with the finding as to the misrepresentations, but disagree with the others. The documents, if any, exhibited at the closing quite evidently were not the sole documents upon which the seller relied to establish his claim of cancellation of the lease. Upon this trial there was produced a further document which, while ineffectual, was not premature. It was the only attempted notice of cancellation. If it had been mailed to the tenant about the day of its date, as the seller contended upon this trial, it is quite clear that it was not exhibited upon the closing, for its existence was not revealed at the first dispossess proceedings. In any event, the seller had warranted in his contract that the lease had been duly terminated.
As to the claim of laches, I think that the circumstances here revealed show that the delay in rescission was largely due to time consumed in the attempt: by the purchasers, acting in co-operation with the seller, to dispossess tht tenant, and that the finding of laches was unwarranted. Furthermore, there was no proof that the defendant seller had been damaged, or changed his position during the period of delay. The defendant Maidman did not take the stand or adduce any evidence as to the representations or as to damages.
The evidence warranted the award of judgment to the plaintiffs.
I vote to reverse the judgment appealed from and grant judgment for the plaintiffs as demanded in the complaint.
Glennon, J. P., Cohn and Shientag, JJ., concur in decision; Callahan, J., dissents and votes to reverse and grant judgment for the plaintiffs in an opinion in which Dore, J., concurs.
Judgment affirmed, with costs to the respondent Irving Maidman. No opinion.